IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-159-TAV-HBG-5 |
| | ) | |
| KENNETH T. MASON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. Defendant first appeared for an initial appearance on the petition for revocation of his supervised release on August 8, 2019. [Doc. 748]. At that time, the Court appointed Assistant Federal Defender Nakeisha Jackson and the Federal Defender Services of Eastern Tennessee ("FDS") to represent the Defendant. The parties appeared before the undersigned again on September 10, 2019, for a motion hearing on defense counsel's Motion to Substitute Attorney [Doc. 755], filed on September 5, 2019. Assistant United States Attorney Cynthia Davidson represented the Government. Assistant Federal Defender Jackson appeared on behalf of Defendant Mason, who was also present.

The motion asks the Court to appoint substitute counsel for Defendant Mason because Assistant Federal Defender Jackson and the FDS have an actual conflict of interest that ethically prohibits their representation of the Defendant. AUSA Davidson stated that the Government takes no position on the motion. The Court addressed Defendant Mason to ensure that he understood that Assistant Federal Defender Jackson has a conflict that requires that she withdraw.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by statute* as held in *Bourjaily v. U.S.*, 483 U.S. 171 (1987) (regarding the admission of co-conspirator's statements). In light of the existence of an apparent actual conflict in this case, the Court finds that good cause exists to grant defense counsel's Motion to Substitute Attorney [**Doc. 755**], the same is **GRANTED**, and Assistant Federal Defender Jackson and the FDS are relieved as counsel of record for Defendant Mason. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel. CJA Panel Attorney Forrest Wallace appeared and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Wallace as the Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Assistant Federal Defender Jackson is **DIRECTED** to provide the Defendant's file to new counsel as expeditiously as possible. The Court also **RESET** the Defendant's scheduled revocation hearing on September 12, 2019 before District Judge Thomas A. Varlan to October 15, 2019 at 9:00 a.m.

Accordingly, it is **ORDERED:**

(1) The Motion to Substitute Attorney [**Doc. 755**] is **GRANTED**;

(2) Assistant Federal Defender Jackson and the FDS are permitted to withdraw as counsel of record for the Defendant and is **DIRECTED** to transfer the Defendant's file and any discovery to new counsel as soon as possible;

(3) Attorney Forrest Wallace is **SUBSTITUTED** and **APPOINTED** as

the Defendant's counsel of record under the CJA; and

(4) The Defendant's pending revocation hearing before District Judge Varlan is **RESET** to **October 15, 2019 at 9:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge